UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEYWANIE S BRIDGEWATER,<br><br>                Plaintiff,<br>    v.<br><br>ZACH SCHMITZ et al.,<br><br>                Defendants. | CASE NO. 2:23-cv-01075-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

This matter is before the Court on its own motion. On July 17, 2023, Plaintiff filed a proposed complaint but failed to pay the required filing fee. Dkt. No. 1, *see also* Dkt. No. 4 (Notice of Filing Deficiency). Plaintiff then filed an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 5. Plaintiff's application for IFP status was granted, but U.S. Magistrate Judge Brian A. Tsuchida recommended review of the proposed complaint under 28 U.S.C. § 1915. Dkt. No. 6. The Complaint was entered on the docket on August 21, 2023. Dkt. No. 7. Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff fails to state a claim upon which

relief may be granted. The Court therefore DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint with leave to file an amended complaint.

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to the requirements set forth under 28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to dismiss the case if the Court determines that the Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must plead factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se*, courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [*pro se*] claim that were not initially pled." *E.g., Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 2

As an initial matter, the Court notes that Plaintiff's handwritten Complaint is almost entirely illegible. *See* Dkt. No. 7. The Complaint is prepared using the form provided by the U.S. District Court for the Western District of Washington for cases involving civil rights claims under 42 U.S.C. § 1983. *Id.* The Compliant also appears to involve claims against a member of the Woodinville Police Department named Zach Schmitz, and an individual named James Lamille (or possibly James L. Miller). *Id.* at 2. Beyond that, the Court is unable to determine whether Plaintiff has made any factual allegations sufficient to state a claim under 42 U.S.C. § 1983, or any other claim for which it may assert subject matter jurisdiction. "Federal courts are courts of limited jurisdiction, having the power to hear certain cases only as the Constitution and federal law authorize." *Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021); *accord Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For this reason, the Court must dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts will typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal unless amendment would be futile. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). Here, the Court is unable to determine whether Plaintiff's claims are futile from the face of the Complaint because the Complaint is unreadable. The Court also takes notice of the fact that Plaintiff previously filed a similarly deficient complaint in a separate case in which she previously named Zack Schmitz and James Miller as defendants. *See Bridgewater v. Schmitz et al.*, No. C23-0964, Dkt. No. 5 at 2. In that case, she was granted leave to amend but failed to do so, and that case was dismissed for failure to state a claim. *Id.* at Dkt. Nos. 1, 6–7. That said, the Court will GRANT Plaintiff leave to file an amended complaint in this case that legibly states a plausible claim for relief by no later than **Friday, September 29, 2023**. If Plaintiff fails to file an amended complaint by the deadline, fails to state a plausible claim for relief, or fails to present an amended complaint that is sufficiently legible for the Court to ascertain the underlying factual

allegations and jurisdictional grounds for the relief sought, the Court will dismiss this case in its entirety.

Dated this 29th day of August 2023.

Tana Lin
United States District Judge

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 4